22 CV 04133

Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Danielle S. Futterman (DY 4228)
dfutterman@ipcounselors.com
Gabriela N. Nastasi
gnastasi@ipcounselors.com
Karena K. Ioannou
kioannou@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiff*
*The Pinkfong Company, Inc.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| THE PINKFONG COMPANY, INC. | Civil Case No.: |
| *Plaintiff* | [PROPOSED] |
|  | 1) TEMPORARY RESTRAINING ORDER; 2) ORDER RESTRAINING MERCHANT STOREFRONTS AND DEFENDANTS' ASSETS WITH THE FINANCIAL INSTITUTIONS; 3) ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE; 4) ORDER AUTHORIZING BIFURCATED AND ALTERNATIVE SERVICE; AND 5) ORDER AUTHORIZING EXPEDITED DISCOVERY |
| v. | |
| 7DAY STORE, A PLEASANT TRIP STORE, AIDA TECH LIMITED, ANKANG QINBA MANCHUANG TOYS INDUSTRY OPERATION MANAGEMENT CO., LTD., BABY FAMILY STORE, BOOM PARTY STORE, CHILDREN'S CLOTHES DESIGN STORE, CHILDREN'S WONDER FACTORY STORE, CHINA BEDDING-SET FACTORY STORE, DONGGUAN EVEREST TECHNOLOGY CO., LTD., DONGGUAN MITO TECHNOLOGY CO., LTD., DONGGUAN YIKANG PLUSH TOYS CO., LTD., DROPSHIP PLUSH TOY STORE, EMMABABY BEAUTIFUL BABY STORE, FULA-BAO OFFICIAL STORE, FUZHOU YIBO ELECTRONIC COMMERCE CO., LTD., GUANGDONG JICHENG CRAFT PRODUCTS CO., LTD., GUANGZHOU KINGKONG INDUSTRIAL CO., LTD., HANG WING PLASTIC INDUSTRY CO., LTD., HAPPY HOUSE PARTY STORE, HI PARTY STORE, HMXRBY 2022 CHILDREN S CLOTHING FACTORY STORE, J-L STORE STORE, JOYMEMO PARTY TOWN STORE, KAYOLI BABY STORE, LI DU HOMES STORE STORE, LITCHI BACKDROP STORE, LUCKYHOME66 STORE, MILULU88 STORE, - | FILED UNDER SEAL |

NAUGHTY BABY STORE, PALALA TOY'S STORE, QIUQIU PARTY STORE, SHENZHEN OXOFUN TECHNOLOGY LIMITED, SHENZHEN YISHANGJU TECHNOLOGY CO., LTD., SHOP 119457639 STORE, SHOP 169276549 STORE, SHOP1100269143 STORE, SHOP912624424 STORE, SWEETHOME376688 STORE, WANGQIANYU STORE, XIAMEN BETTER SUPPLY CHAIN CO., LTD., XIAOBODING STORE, YIWU ALL SHINE IMPORT & EXPORT CO., LTD., YIWU ALLO TRADING CO., LTD., YIWU AULLAN IMPORT & EXPORT CO., LTD., YIWU BAOCHANG TRADING CO., LTD., YIWU JUQI TRADING CO., LTD., YIWU TUYUE ELECTRONIC COMMERCE CO., LTD., YOUNG PLAY STORE, YY WAROOM STORE, ZHAOQING JUNJIE TECHNOLOGY CO., LTD., ZHEJIANG LEADERSHOW HOMETEXTILE CO., LTD and ZHISUXI OFFICIAL STORE,

*Defendants*

## GLOSSARY

| Term | Definition |
|------|-----------|
| **Plaintiff or Pinkfong** | The Pinkfong Company, Inc. |
| **Defendants** | 7day Store, A pleasant trip Store, AIDA TECH LIMITED, Ankang Qinba Manchuang Toys Industry Operation Management Co., Ltd., Baby Family Store, Boom Party Store, Children's Clothes Design Store, Children's Wonder Factory Store, China Bedding-Set Factory Store, Dongguan Everest Technology Co., Ltd., Dongguan Mito Technology Co., Ltd., Dongguan Yikang Plush Toys Co., Ltd., Dropship Plush Toy Store, Emmababy Beautiful Baby Store, FULA-bao Official Store, Fuzhou Yibo Electronic Commerce Co., Ltd., Guangdong Jicheng Craft Products Co., Ltd., Guangzhou Kingkong Industrial Co., Ltd., Hang Wing Plastic Industry Co., Ltd., Happy House Party Store, Hi party Store, HMXRBY 2022 Children s Clothing Factory Store, J-L Store Store, JOYMEMO Party Town Store, Kayoli baby Store, LI DU Homes Store Store, LITCHI backdrop Store, luckyhome66 Store, MILULU88 Store, -Naughty baby Store, Palala Toy's Store, QiuQiu Party Store, SHENZHEN OXOFUN TECHNOLOGY LIMITED, Shenzhen Yishangju Technology Co., Ltd., Shop 119457639 Store, Shop 169276549 Store, Shop1100269143 Store, Shop912624424 Store, sweethome376688 Store, WangQianYu Store, Xiamen Better Supply Chain Co., Ltd., Xiaoboding Store, Yiwu All Shine Import & Export Co., Ltd., Yiwu Allo Trading Co., Ltd., Yiwu Aullan Import & Export Co., Ltd., Yiwu Baochang Trading Co., Ltd., Yiwu Juqi Trading Co., Ltd., Yiwu Tuyue Electronic Commerce Co., Ltd., Young Play Store, YY Waroom Store, Zhaoqing Junjie Technology Co., Ltd., Zhejiang Leadershow Hometextile Co., Ltd and ZHISUXI Official Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | Aliexpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the |

| | |
|---|---|
| | world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiff |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiff's Complaint |
| **Application** | Plaintiff's *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
| **Yang Dec.** | Declaration of Su Jeong Yang in Support of Plaintiff's Application |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiff's Application |
| **Baby Shark Content** | One of Pinkfong's most successful creations, which is the Pinkfong "Baby Shark" song and viral music video with characters |
| **Baby Shark Applications** | U.S. Trademark Serial Application Nos.: 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984 for registration of "PINKFONG" for a variety of goods in Classes 2, 3, 9, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5. |
| **Baby Shark Registrations** | U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,021,523 for **pinkfong Baby Shark** for a variety of goods in Class 28; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG |

| | |
|---|---|
| | BABY SHARK" for a variety of goods in Class 25; 6,503,438 for "PINKFONG" for a variety of goods in Class 5; <br><br> 6,495,600 for ⎯⎯⎯⎯⎯ for a variety of goods in Classes 9 and 41; and 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Classes 22 and 39. |
| **Baby Shark Marks** | The marks covered by the Baby Shark Registrations and Baby Shark Applications |
| **Baby Shark Works** | U.S. Copyright Registration Nos.: VA 2-130-856, covering Baby Shark; VA 2-130-847, covering Daddy Shark; VA 2-130-854, covering Mommy Shark; VA 2-131-983, covering Pink Fong Mascot; SR 823-609, covering Baby Shark (Sound Recording and Music); and PA 2-142-905, covering Baby Shark (Motion Picture) |
| **Baby Shark Products** | An extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books, t-shirts, associated with and/or related to the Baby Shark Content |
| **Counterfeit Products** | Products bearing or used in connection with the Baby Shark Marks and/or Baby Shark Works, and/or products in packaging and/or containing labels and/or hang tags bearing the Baby Shark Marks and/or Baby Shark Works, and/or bearing or used in connection with marks and/or artwork that are confusingly or substantially similar to the Baby Shark Marks and/or Baby Shark Works and/or products that are identical or confusingly or substantially similar to the Baby Shark Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets |

| | |
|---|---|
| | of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

On this day, the Court considered Plaintiff's *ex parte* application for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery against Defendants, Third Party Service Providers and Financial Institutions in light of Defendants' intentional and willful offerings for sale and/or sales of Counterfeit Products.[1] A complete list of Defendants is attached hereto as **Schedule A,** which also includes links to Defendants' Merchant Storefronts and Infringing Listings.  Having reviewed the Application, Declarations of Su Jeong Yang and Gabriela N. Nastasi, along with exhibits attached thereto and other evidence submitted in support thereof, the Court makes the following findings of fact and conclusions of law:

<u>**FACTUAL FINDINGS & CONCLUSIONS OF LAW**</u>

1. Pinkfong is a global entertainment company specializing in developing animated and gaming content to deliver high-quality entertainment. Headquartered in Seoul, South Korea, Pinkfong currently has 200+ employees and offices in Los Angeles, Shanghai and Hong Kong. Pinkfong has developed award-winning brands including "Monster Super League", "JellyKing" and "Tamago Monsters".

2. Through Pinkfong's preschool brand, Pinkfong produces modern-day songs and stories to provide stimulating and fun learning experiences to children.

3. One of Pinkfong's most successful creations is the Pinkfong "Baby Shark" song and viral music video with characters, which to date has amassed nearly 10.6 billion views on YouTube and debuted at No. 32 on the Billboard Hot 100 Chart.

---

[1] Where a defined term is referenced herein and not defined herein, the defined term should be understood as it is defined in the Glossary.

4.      Pinkfong has developed and initiated an extensive worldwide licensing program for a wide variety of consumer products such as toys, sound books and t-shirts associated with and/or related to the Baby Shark Marks and the Baby Shark Content.

5.      While Plaintiff has gained significant common law trademark and other rights in its Baby Shark Content and Baby Shark Products, through use, advertising and promotion, Plaintiff has also protected its valuable rights by filing for and obtaining federal trademark registrations.

6.      For example, Plaintiff owns the Baby Shark Marks, including U.S. Trademark Registration Nos.: 5,803,108 for "BABY SHARK" for a variety of goods in Class 28; 6,488,471 for "BABY SHARK" for a variety of goods in Classes 9, 16, 25 and 41; 5,483,744 for "PINKFONG" for a variety of goods in Classes 3 and 21; 5,327,527 for "PINKFONG" for a variety of goods in Classes 9, 16 and 28; 4,993,122 for "PINKFONG" for a variety of goods in Classes 9 and 25; 6,487,494 for "PINKFONG" for a variety of goods 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 30 and 41; 6,138,374 for **pinkfong** for a variety of goods in Class 41; 6,021,523 for **pinkfong Baby Shark** for a variety of goods in Class 28; 6,337,210 for "PINKFONG BABY SHARK" for a variety of goods in Class 21; 6,343,519 for "PINKFONG BABY SHARK" for a variety of goods in Class 25; 6,503,438 for "PINKFONG" for a variety of goods                in                          Class                        5; 6,495,600 for  for a variety of goods in Classes 9 and 41; and 4,515,238 for "BABY SHARK U.S.A" for a variety of goods in Classes 22 and 39. Additionally, Pinkfong has applied for registration for the following U.S. Trademark Serial Application Nos.: 79/253,035 for registration of "BABY SHARK" for a variety of goods in Classes 41, 25, 16 and 9; 88/396,786 for registration of "PINKFONG BABY SHARK" for a variety of goods in Class 25; 88/529,984

for registration of "PINKFONG" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/530,086 for registration of "BABY SHARK" for a variety of goods in Classes 2, 3, 9, 14, 16, 18, 20, 21, 24, 25, 26, 27, 28, 29, 30, 32 and 41; 88/594,141 for "PINKFONG" for a variety of goods in Class 5; and 88/594,122 for "BABY SHARK" for a variety of goods in Class 5.

7.     The Baby Shark Marks are currently in use in commerce in connection with the Baby Shark Content and Baby Shark Products.

8.     In addition, Plaintiff also owns the registered copyrights related to the Baby Shark Content and Baby Shark Products.  For example, Plaintiff owns the Baby Shark Works, including U.S. Copyright Registrations: No. VA 2-130-856, covering Baby Shark; No. 2-130-847, covering Daddy Shark; No. VA 2-130-854, covering Mommy Shark; No. VA 2-131-983, covering Pink Fong Mascot; No. SR 823-609, covering Baby Shark (Sound Recording and Music); No. PA 2-142-905, covering Baby Shark (Motion Picture).

9.     Defendants are manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale or Counterfeit Product through Defendants' User Accounts and Merchant Storefronts with Alibaba and AliExpress (*see* **Schedule A** for links to Defendants' Merchant Storefronts and Infringing Listings).

10.     Alibaba and AliExpress are online marketplaces and e-commerce platforms, which allow manufacturers and other third-party merchants, like Defendants, to advertise, distribute, offer for sale, sell and ship their retail products, which, upon information and belief, primarily originate from China, directly to consumers worldwide and specifically to consumers residing in the U.S., including New York.

11.     Defendants are not, nor have they ever been, authorized distributors or licensees of the Baby Shark Products.  Neither Plaintiff, nor any of Plaintiff's authorized agents, have consented to Defendants' use of the Baby Shark Works and/or Baby Shark Marks, nor has Plaintiff

3

consented to Defendants' use of marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Works and/or Baby Shark Marks.

12.     Plaintiff is likely to prevail on its Lanham Act, copyright and related common law claims at trial.

13.     As a result of Defendants' infringements, Plaintiff, as well as consumers, are likely to suffer immediate and irreparable losses, damages and injuries before Defendants can be heard in opposition, unless Plaintiff's Application for *ex parte* relief is granted:

a.   Defendants have offered for sale and sold substandard Counterfeit Products that infringe the Baby Shark Works and/or Baby Shark Marks;

b.   Plaintiff has well-founded fears that more Counterfeit Products will appear in the marketplace; that consumers may be misled, confused and disappointed by the quality of these Counterfeit Products, resulting in injury to Plaintiff's reputation and goodwill; and that Plaintiff may suffer loss of sales for its Baby Shark Products; and

c.   Plaintiff has well-founded fears that if it proceeds on notice to Defendants on this Application, Defendants will: (i) secret, conceal, destroy, alter, sell-off, transfer or otherwise dispose of or deal with Counterfeit Products or other goods that infringe the Baby Shark Works and/or Baby Shark Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (ii) inform their suppliers and others of Plaintiff's claims with the result being that those suppliers and others may also secret, conceal, sell-off or otherwise dispose of Counterfeit Products or other goods infringing the Baby Shark Works and/or Baby Shark Marks, the means of obtaining or manufacturing such Counterfeit Products, and records relating thereto that are in their possession or under their control, (iii) secret, conceal, transfer or otherwise dispose

of their ill-gotten proceeds from its sales of Counterfeit Products or other goods infringing the Baby Shark Works and/or Baby Shark Marks and records relating thereto that are in their possession or under their control and/or (iv) open new User Accounts and Merchant Storefront under new or different names and continue to offer for sale and sell Counterfeit Products with little to no consequence;

14.     The balance of potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, its business, the goodwill and reputation built up in and associated with the Baby Shark Works and/or Baby Shark Marks and to its reputations if a temporary restraining order is not issued.

15.     Public interest favors issuance of the temporary restraining order in order to protect Plaintiff's interests in and to its Baby Shark Works and/or Baby Shark Marks, and to protect the public from being deceived and defrauded by Defendants' passing off of their substandard Counterfeit Products as Baby Shark Products.

16.     Plaintiff has not publicized its request for a temporary restraining order in any way.

17.     Service on Defendants via electronic means is reasonably calculated to result in proper notice to Defendants.

18.     If Defendants are given notice of the Application, they are likely to secret, conceal, transfer or otherwise dispose of their ill-gotten proceeds from their sales of Counterfeit Products or other goods infringing the Baby Shark Works and/or Baby Shark Marks. Therefore, good cause exists for granting Plaintiff's request for an asset restraining order. It typically takes the Financial Institutions a minimum of five (5) days after service of the Order to locate, attach and freeze Defendants' Assets and/or Defendants' Financial Accounts and it is anticipated that it will take the Third Party Service Providers a minimum of five (5) days to freeze Defendants' Merchant Storefronts. As such, the Court allows enough time for Plaintiff to serve the Financial Institutions

and Third Party Service Providers with this Order, and for the Financial Institutions and Third Party Service Providers to comply with the Paragraphs I(B)(1) through I(B)(2) and I(C)(1) of this Order, respectively, before requiring service on Defendants.

19.     Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible to Plaintiff the records and documents relating to Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or sale of Counterfeit Products. Therefore, Plaintiff has good cause to be granted expedited discovery.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED** as follows:

### I.     Temporary Restraining Order

A. IT IS HEREBY ORDERED, as sufficient cause has been shown, that Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)     manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products, or any other products bearing the Baby Shark Works and/or Baby Shark Marks and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute a counterfeiting or infringement of the Baby Shark Works and/or Baby Shark Marks;

2)     directly or indirectly infringing in any manner Plaintiff's Baby Shark Marks and Baby Shark Works;

3) using any reproduction, counterfeit, copy or colorable imitation of Plaintiff's Baby Shark Marks and Baby Shark Works, to identify any goods or service not authorized by Plaintiff;

4) using Plaintiff's Baby Shark Marks and/or Baby Shark Works and/or any other marks that are confusingly similar to the Baby Shark Marks and/or any other artwork that is substantially similar to the Baby Shark Works, on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

5) using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiff, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiff;

6) secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

7) effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution,

7

display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

8)   knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7) above and I(B)(1) through I(B)(2) and I(C)(1) below.

B. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)   secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

2)   secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to Defendants' Assets and Defendants' Financial Accounts; and

3)   knowingly instructing any person or business entity to engage in any of the activities referred to in subparagraphs I(A)(I) through I(A)(7) and I(B)(1) through I(B)(2) above and I(C)(1) below.

C. IT IS HEREBY ORDERED, as sufficient cause has been shown, that the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions for fourteen (14) days from the date of this order, and for such further period as may be provided by order of the Court:

1)   within five (5) days after receipt of service of this Order, providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without

limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

2) knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(A)(1) through I(A)(7), I(B)(1) through I(B)(2) and I(C)(1) above.

## II.    Order to Show Cause Why A Preliminary Injunction Should Not Issue And Order Of Notice

A. Defendants are hereby ORDERED to show cause before this Court in Courtroom 1305 of the United States District Court for the Southern District of New York at 500 Pearl Street/40 Foley Square, New York, New York on ___June 3___, 2022 at _8:30_ a.m. or at such other time that this Court deems appropriate, why a preliminary injunction, pursuant to Fed. R. Civ. P. 65(a), should not issue.

B. IT IS FURTHER ORDERED that opposing papers, if any, shall be filed electronically with the Court and served on Plaintiff's counsel by delivering copies thereof to the office of Epstein Drangel LLP at 60 East 42nd Street, Suite 1250, New York, NY 10165, Attn: Jason M. Drangel on or before ___May 27___, 2022. Plaintiff shall file any Reply papers on or before ___May 31___, 2022.

C. IT IS FURTHER ORDERED that Defendants are hereby given notice that failure to appear at the show cause hearing scheduled in **Paragraph II(A)** above may result in the imposition of a preliminary injunction against them pursuant to Fed. R. Civ. P. 65, which may take effect immediately upon the expiration of this Order, and may extend throughout the length of the litigation under the same terms and conditions set forth in this Order.

## III.    Asset Restraining Order

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 64 and 65 and N.Y. C.P.L.R. 6201 and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days

9

of receipt of service of this Order, the Financial Institutions shall locate and attach Defendants' Financial Accounts and shall provide written confirmation of such attachment to Plaintiff's counsel.

### IV. Order Authorizing Bifurcated and Alternative Service by Electronic Means

A. IT IS FURTHER ORDERED pursuant to Fed. R. Civ. P. 4(f)(3), as sufficient cause has been shown, that service may be made on, and shall be deemed effective as to Defendants if it is completed by the following means:

   1) delivery of: (i) PDF copies of this Order together with the Summons and Complaint, and (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order to Defendants' e-mail addresses to be determined after having been identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)**; or

   2) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download PDF copies of this Order together with the Summons and Complaint, and all papers filed in support of Plaintiff's Application seeking this Order.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that such alternative service by electronic means ordered herein shall be made within five (5) days of the Financial Institutions and Third Party Service Providers' compliance with **Paragraphs III(A)** and **V(C)** of this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that the Clerk of the Court shall issue a single original summons directed to all Defendants as listed in an attachment to the summons that will apply to all Defendants.

E. IT IS FURTHER ORDERED, as sufficient cause has been shown, that service may be made and shall be deemed effective as to the following if it is completed by the below means:

1) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

2) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

3) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

4) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at subpoenas@payoneer.com; and

5) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

## V.   Order Authorizing Expedited Discovery

A. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

1) Within fourteen (14) days after receiving service of this Order, each Defendant shall serve upon Plaintiff's counsel a written report under oath providing:

   a.   their true name and physical address;

   b.   the name and location and URL of any and all websites that Defendants own and/or operate and the name, location, account numbers and URL for any and all User Accounts and Merchant Storefronts on any Third Party Service Provider platform that Defendants own and/or operate;

   c.   the complete sales records for any and all sales of Counterfeit Products, including but not limited to number of units sold, the price per unit, total gross revenues received (in U.S. dollars) and the dates thereof;

   d.   the account details for any and all of Defendants' Financial Accounts, including, but not limited to, the account numbers and current account balances; and

   e.   the steps taken by each Defendant, or other person served to comply with **Section I**, above.

2) Plaintiff may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiff's counsel.

3) Plaintiff may serve requests for the production of documents pursuant to Fed. R. Civ. P. 26 and 34, and Defendants who are served with this Order and the requests for the production of documents shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiff's counsel.

B. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order the Financial Institutions shall identify any and all of Defendants' Financial Accounts, and provide Plaintiff's counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants, including contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts and confirmation of said compliance with this Order.

C. IT IS FURTHER ORDERED, as sufficient cause has been shown, that within five (5) days of receipt of service of this Order, the Third Party Service Providers shall identify any and all of Defendants' User Accounts and Merchant Storefronts, and provide Plaintiff's counsel with a summary report containing account details for any and all User Accounts and Merchant Storefronts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts and Defendants' Merchant Storefronts, contact information for Defendants (including, but not limited to, mailing addresses and e-mail addresses) and confirmation of said compliance with this Order.

D. IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiff's counsel all documents and records in their possession, custody or control (whether located in the U.S. or abroad) relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

        a. account numbers;

        b. current account balances;

    c.  any and all identifying information for Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, names, addresses and contact information;

    d.  any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

    e.  any and all deposits and withdrawals during the previous year from each and every one of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

    f.  any and all wire transfers into each and every one of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

E.  IT IS FURTHER ORDERED, as sufficient cause has been shown, that:

    1)  Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiff's counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

        a.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that

Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided pursuant to Paragraph V(C);

b.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided pursuant to Paragraph V(C);

c.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

d.  Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Baby Shark Marks and/or Baby Shark Works and/or marks and/or artwork that are confusingly and/or substantially similar to, identical to and constitute an infringement of the Baby Shark Marks and/or Baby Shark Works.

## VI.    **Security Bond**

A.  IT IS FURTHER ORDERED that Plaintiff shall place security in the amount of *five thousand* Dollars ( $5,000 ) with the Court which amount is determined adequate for the payment of any damages any person may be entitled to recover as a result of an improper or wrongful restraint ordered hereunder.

### VII.   <u>Sealing Order</u>

A. IT IS FURTHER ORDERED that Plaintiff's Complaint and exhibits attached thereto, and

Plaintiff's *ex parte* Application and the Declarations Su Jeong Yang and Gabriela N. Nastasi

in support thereof and exhibits attached thereto and this Order shall remain sealed until the

Financial Institutions and Third Party Service Providers comply with **Paragraphs I(B)-(C),**

**III(A) and V(C)** of this Order.

**SO ORDERED.**

SIGNED this ____ day of _____, 2022, at ____ p.m.

_____
UNITED STATES DISTRICT JUDGE

16

# Schedule A

| No | Defendant | Information Location | Merchant Storefront |
|---|---|---|---|
| 1 | 7Day Store | https://www.aliexpress.com/item/1005003824108637 | https://www.aliexpress.com/store/5870250 |
| 2 | A pleasant trip Store | https://www.aliexpress.com/item/1005003692477982 | https://www.aliexpress.com/store/912406813 |
| 3 | AIDA TECH LIMITED | https://www.alibaba.com/product-detail/Amazon-hot-selling-soft-shark-plush_1600470721935 | https://toyrih.en.alibaba.com |
| 4 | Anhang Qahba Manchuang Toys Industry Operation Management Co., Ltd | https://www.alibaba.com/product-detail/Popular-Amazon-shark-baby-plush-toy_1600469168834 | https://xktoys.en.alibaba.com |
| 5 | Baby Family Store | https://www.aliexpress.com/item/1005004004862071 | https://www.aliexpress.com/store/1100220854 |
| 6 | Boom Party Store | https://www.aliexpress.com/item/1005003763043615 | https://www.aliexpress.com/store/912868491 |
| 7 | Children's Clothes Design Store | https://www.aliexpress.com/item/1005003960688002 | https://www.aliexpress.com/store/912664885 |
| 8 | Children`s Wonder factory Store | https://www.aliexpress.com/item/1005003324971495 | https://www.aliexpress.com/store/912407236 |
| 9 | China Bedding-Set Factory Store | https://www.aliexpress.com/item/1005003444323173 | https://www.aliexpress.com/store/912407173 |
| 10 | Dongguan Everest Technology Co., Ltd | https://www.alibaba.com/product-detail/Toy-Games-Kids-32cm-Shark-Baby_1600440512957 | https://www.aliexpress.com/store/912497410 |
| 11 | Dongguan Mito Technology Co., Ltd | https://www.alibaba.com/product-detail/Amazon-hot-selling-soft-shark-plush_1600405113879 | https://everesttech.en.alibaba.com |
| 12 | Dongguan Yikang Plush Toys Co., Ltd | https://www.alibaba.com/product-detail/Soft-Custom-soft-plush-lovely-shark_1600384323131 | https://mitoelectronics.en.alibaba.com |
| 13 | Dropshipping Plush Toy Store | https://www.aliexpress.com/item/1005003756583806 | https:// yktoy01.en.alibaba.com |
| 14 | Emmanuel Beautiful baby Store | https://www.aliexpress.com/item/1005002517596159 | https://www.aliexpress.com/store/912194377 |
| 15 | FUKA-bao Offical Store | https://www.aliexpress.com/item/1005002575196159 | https://www.aliexpress.com/store/4422160 |
| 16 | Fuzhou Yibu Electronic Commerce Co., Ltd | https://www.alibaba.com/product-detail/Amazon-Sales-32cm-Children-s_1600404473241 | https://www.aliexpress.com/store/3194060 |
| 17 | Guangdong Jicheng Craft Products Co., Ltd | https://www.alibaba.com/product-detail/Special-Shape-Foam-Ball-Charm-Hand_1600407969550 | https://hybeizee.en.alibaba.com |
| 18 | Guangzhou Kingkong Industrial Co., Ltd | https://www.alibaba.com/product-detail/Shark-Baby-Toys-Stuffed-Animals-Plush_1600423431746 | https://gzkingtoys.en.alibaba.com |
| 19 | Hang Wing Plastic Industry Co., Ltd | https://www.alibaba.com/product-detail/NW-TOYS-Kids-Outdoor-Camping-Toy_1600394140379 | https://toyhangwing.en.alibaba.com |
| 20 | Happy House Party Store | https://www.aliexpress.com/item/1005002852225514 | https://www.aliexpress.com/store/1100151113 |
| 21 | JH party Store | https://www.aliexpress.com/item/1005004059833082 | https://www.aliexpress.com/store/2856132 |
| 22 | HXM&BY 2022 Children`s Clothing Factory Store | https://www.aliexpress.com/item/1005004069783584 | https://www.aliexpress.com/store/912616118 |
| 23 | J&L Store | https://www.aliexpress.com/item/1005003710197 | https://www.aliexpress.com/store/1100220244 |
| 24 | JOYMEMO Party Town Store | https://www.aliexpress.com/item/1005003883437759 | https://www.aliexpress.com/store/912407495 |
| 25 | Kayoli baby Store | https://www.aliexpress.com/item/1005004050908912 | https://www.aliexpress.com/store/912645281 |
| 26 | LI DU Homes Store Store | https://www.aliexpress.com/item/1005002792924992 | https://www.aliexpress.com/store/911713486 |
| 27 | LITCHI backdrop Store | https://www.aliexpress.com/item/1005003670748501 | https://www.aliexpress.com/store/1100056061 |
| 28 | Liuhuangee Store | https://www.aliexpress.com/item/1005004090108745 | https://www.aliexpress.com/store/1100036054 |
| 29 | MUUJI UU Store | https://www.aliexpress.com/item/1005003889964902 | https://www.aliexpress.com/store/1100051098 |
| 30 | Naughty baby Store | https://www.aliexpress.com/item/1005002872062941 | https://www.aliexpress.com/store/912014563 |
| 31 | Palala Toys Store | https://www.aliexpress.com/item/1005003467636040 | https://www.aliexpress.com/store/2959040 |
| 32 | QiuQiu Party Store | https://www.aliexpress.com/item/1005003647199292 | https://www.aliexpress.com/store/1100088014 |
| 33 | SHENZHEN OXOFUN TECHNOLOGY LIMITED | https://www.alibaba.com/product-detail/Factory-Outlets-Shark-Baby-Animal-Toy_1600395336277 | https://oxofun.en.alibaba.com |
| 34 | Shenzhen Yohangju Technology Co., Ltd | https://www.alibaba.com/product-detail/32CM-Shark-Shape-LED-Singing-Plush_1600455042580 | https://body.en.alibaba.com |
| 35 | Shop 1194576389 Store | https://www.aliexpress.com/item/1005003649549793 | https://www.aliexpress.com/store/911842012 |
| 36 | Shop 1662726549 Store | https://www.aliexpress.com/item/1005003635178372 | https://www.aliexpress.com/store/91193014 |
| 37 | Shop1100269143 Store | https://www.aliexpress.com/item/1005003637233 | https://www.aliexpress.com/store/912624424 |
| 38 | Shop912624424 Store | https://www.aliexpress.com/item/1005004188247 | https://www.aliexpress.com/store/1100269143 |
| 39 | Sweetheart3766688 Store | https://www.aliexpress.com/item/1005003899240606 | https://www.aliexpress.com/store/912331171 |
| 40 | WangQianYu Store | https://www.aliexpress.com/item/1005004068389258 | https://www.aliexpress.com/store/912686523 |
| 41 | Xiamen Better Supply Chain Co., Ltd | https://www.aliexpress.com/item/1005003668884077 | https://better66.en.alibaba.com |
| 42 | Xiaobodong Store | https://www.alibaba.com/product-detail/Hot-Baby-Tooth-Growth-Toys-Environmental_1600379263059 | https://www.aliexpress.com/store/912615469 |
| 43 | Yiwu Aidi Trading Co., Ltd | https://www.aliexpress.com/item/1005004117451130 | https://yiwuaidshine.en.alibaba.com |
| 44 | Yiwu Aila Import & Export Co., Ltd | https://www.alibaba.com/product-detail/YIWU-ALISHINE-High-Quality-Kids-Kawaii_1600462566490 | https://yixello.en.alibaba.com |
| 45 | Yiwu Aullan Import & Export Co., Ltd | https://www.alibaba.com/product-detail/Shark-Shark-YIWU-ALLO-2022-Kids_1100000139092 | https://yiwuaullan.en.alibaba.com |
| 46 | Yiwu Baochang Trading Co., Ltd | https://www.alibaba.com/product-detail/Top-Selling-Personalized-Super-Shark-Soft_1600434480208 | https://baochang.en.alibaba.com |
| 47 | Yiwu Judi Trading Co., Ltd | https://www.alibaba.com/product-detail/Hot-Sale-Custom-Plush-Toy-shark_1600417224673 | https://yiwujudi.en.alibaba.com |
| 48 | Yiwu Youya Electronic Commerce Co., Ltd | https://www.alibaba.com/product-detail/Amazon-blue-colors-shark-theme-balloon_1600466093305 | https://yiwuyouya.en.alibaba.com |
| 49 | Young Play Store | https://www.aliexpress.com/item/1005004078225600 | https://www.aliexpress.com/store/1100060017 |
| 50 | YY Waxoom Store | https://www.aliexpress.com/item/1005003985553504 | https://www.aliexpress.com/store/912534596 |
| 51 | Zhejiang Luyue Technology Co., Ltd | https://www.alibaba.com/product-detail/Amazon-hot-Big-Stuffed-Plush-Shark_1600453621441 | https://zqunjie.en.alibaba.com |
| 52 | Zhejiang Leadershow Nonetextile Co., Ltd | https://www.alibaba.com/product-detail/BSCI-high-quality-hangzhou-factory-cotton_1600458368956 | https://leadershow.en.alibaba.com |
| 53 | ZHISUN Official Store | https://www.aliexpress.com/item/1005007315540038 | https://bisuei.aliexpress.com/store/911827656 |