

**EPSTEIN DRANGEL LLP**

60 East 42nd Street, Suite 1250, New York, NY 10165
T: 212.292.5390 • E: mail@ipcounselors.com
www.ipcounselors.com

June 29, 2023

**VIA ECF**
Hon. Paul A. Engelmayer
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, New York 10007

      Re:    *The Pinkfong Company, Inc. v. 7day Store, et al.*
             **Case No. 22-cv-4133 (PAE)**
             <u>**Joint Status Update**</u>

Dear Judge Engelmayer,

      I write on behalf of counsel for The Pinkfong Company, Inc. and Third-Party Service Providers Alibaba and AliExpress (collectively, "the Parties") to provide a joint status update pursuant to the Court's February 23, 2023 order (ECF No. 62) and subsequent May 26, 2023 Memo Endorsement (ECF No. 72). Since the Parties last provided an update on April 27, 2023, we have made significant progress towards a potential settlement, but there are material terms that still need to be negotiated. Counsel remain committed to working toward resolution of the issues in this matter, and the Parties respectfully request that the Court refer this matter to a Magistrate Judge for settlement purposes.

      In the meantime, given the passage of time, it is Plaintiff's preference to minimize further delays, and accordingly, concurrent with continuing settlement discussions, Plaintiff wishes to now renew its motion to amend the complaint to add contributory and vicarious claims against the operators of the Alibaba.com and AliExpress.com platforms. Plaintiff notes, however, that in its letter motion seeking to amend the complaint dated February 9, 2023 (Dkt. 51) ("Motion to Amend"), it sought to add certain entities that it has since learned do not own or operate the Alibaba.com and AliExpress.com platforms.[1] Accordingly, Plaintiff respectfully renews its Motion to Amend to add Alibaba.com Singapore E-Commerce Pte. Ltd. and AliExpress E-Commerce One Pte. Ltd. as parties instead. If Plaintiff's Motion to Amend is granted, the Parties

---

[1] The entities identified in the Motion to Amend were Alibaba Group Holdings Ltd., Alibaba Hong Kong Ltd., Alibaba.Com Ltd., Alibaba (China) Technology Co., Ltd., Taobao China Holding Ltd. and Taobao (China) Software Co., Ltd.

Hon. Paul A. Engelmayer
June 29, 2023
Page 2

will stipulate to a schedule for responding to any amended complaint so as to not interfere with their settlement efforts.

While we pursue settlement discussions, Plaintiff has agreed to respectfully request that the Court continue to hold Plaintiff's motion to compel (Dkts. 48-50) ("Motion to Compel") in abeyance. If, however, the Parties' settlement discussions breakdown, Plaintiff will promptly advise the Court of the same and will request that the Court consider Plaintiff's Motion to Compel.

We thank the Court for its time and consideration.

Respectfully submitted,

**EPSTEIN DRANGEL LLP**

BY: /s/ Danielle S. Futterman
Danielle S. Futterman
dfutterman@ipcounselors.com
60 East 42nd Street, Suite 1250
New York, NY 10165
Telephone: (212) 292-5390
Facsimile: (212) 292-5391
*Attorneys for Plaintiff*

The Court grants the parties' request to refer this matter to the magistrate judge for settlement purposes and will do so by a separate order.

As to plaintiffs' motion to compel third-party service providers, Dkt. 48, the Court denies the motion as moot, without prejudice to plaintiffs' ability to renew the motion should settlement discussions fail. The Court also denies plaintiffs' motion for leave to amend the Complaint to add new parties and claims. Dkt. 51. The Court has already granted default judgment on the claims in the initial complaint. Dkt. 44. And plaintiff has not explained why leave to amend, rather than filing a new case, is the proper vehicle for raising new claims against the third-party service providers.

The Court respectfully directs the Clerk of Court to terminate the motions pending at dockets 48 and 51.

SO ORDERED.

*[signature: Paul A. Engelmayer]*

PAUL A. ENGELMAYER
United States District Judge
July 5, 2023