UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THE PINKFONG COMPANY INC., <br><br> Plaintiff, <br><br> -v- <br><br> 7 DAY STORE *ET AL.*, <br><br> Defendants. | 22 Civ. 4133 (PAE) (JLC) <br><br> <u>ORDER</u> |
| THE PINKFONG COMPANY INC., <br><br> Plaintiff, <br><br> -v- <br><br> AISEVE, *ET AL.*, <br><br> Defendants. | 22 Civ. 4135 (PAE) (JLC) <br><br> <u>ORDER</u> |

PAUL A. ENGELMAYER, District Judge:

     Before the Court is the October 5, 2023 Report and Recommendation of Magistrate Judge James L. Cott, following an inquest into damages that The Pinkfong Company Inc. ("Pinkfong") is due and the appropriateness of an injunction against defendants. For the following reasons, the Court adopts the Report's recommendations in its entirety.

I.  **Background**

On May 20, 2022, plaintiff Pinkfong filed sealed Complaints in the above captioned cases. In one complaint, Pinkfong sued 7 Day Store and 52 other merchants[1] on the Alibaba and AliExpress marketplace platforms ("7 Day Store defendants"). No. Civ. 4133, Dkt. 12. In the other, Pinkfong sued Aiseve and 53 other merchants[2] on the Amazon online marketplace ("Aiseve defendants"). No. 22 Civ. 4135, Dkt. 11. Both complaints allege: (1) trademark infringement of Pinkfong's federally registered trademarks in violation of section 32 of the Lanham Act; (2) counterfeit of Pinkfong's federally registered trademarks in violation of 15

---

[1] The original defendants were: 7 Day Store; A Pleasant Trip Store; Aida Tech Limited; Ankang Qinba Manchuang Toys Industry Operation Management Co., Ltd.; Baby Family Store; Boom Party Store; Children's Clothes Design Store; Children's Wonder Factory Store; China Bedding-Set Factory Store; Dongguan Everest Technology Co., Ltd.; Dongguan Mito Technology Co. Ltd.; Dongguan Yikang Plush Toys Co., Ltd.; Dropship Plush Toy Store; Emmababy Beautiful Baby Store; Fula-Bao Official Store; Fuzhou Yibo Electronic Commerce Co., Ltd.; Guangdong Jicheng Craft Products Co. Ltd.; Guangzho Kingkong Industrial Co., Ltd.; Hang Wing Plastic Industry Co., Ltd.; Happy House Party Store; Hi Party Store; Hmxrby 2022 Children S Clothing Factory Store; J-L Store Store; Joymemo Party Town Store; Kayoli Baby Store; LI DU Homes Store Store; Litchi Backdrop Store; Luckyhome 66 Store; Milulu88 Store; Naughty Baby Store; Palala Toy's Store; QuiQui Party Store; Shenzhen Oxofun Technology Limited; Shenzen Yishangju Technology Co. Ltd.; Shop 119457639 Store; Shop 169276549 Store; Shop1100269143 Store; Shop912624424 Store; Sweethome376688 Store; WangQianYu Store; Xiamen Better Supply Chain Co., Ltd.; Xiaoboding Store; Yiwu All Shine Import and Export Co., Ltd.; Yiwu Allo Trading Co., Ltd.; Yiwu Aullan Import and Export Co., Ltd.; Yiwu Baochang Trading Co., Ltd.; Yiwu Juqi Trading Co., Ltd.; Yiwu Tuyue Electronic Commerce Co., Ltd.; Young Play Store; YY Waroom Store; Zhaoqing Junjie Technology Co. Ltd.; Zhejiang Leadershow Hometextile Co., Ltd.; Zhisuxi Official Store. *See* No. Civ. 4133, Dkt. 12.

[2] The original defendants were: Aiseve; Albabe; AloParty; Baby Party US; Bday Party Favor; Best Buy Best Deals Direct; Bi Xing; Chenhanxnn; Chichongruiii; ChristopherkkMartin; Chunyus; DDI; Duobake; Enlargeryou; Family Pro; Feishang Store; Friends US; Gratulon-USA; Huangshishiyunongdianziyouxiangongsi; JiLinShengZhiLiChaoYueShangMao; Kunmingniaotaodianzisha; Langshangduo; lilipingde; Lshome US; Luolaijian; Mast-US; Miss Zheng's shop; Mouqin; N3wxstarec; Newdiscover; NKZGZC; PuPuFly; Qikunshangmao; QT-US; Qunai; Qwfqwfwgfg; Rainbow Party US; Rixiong; Samahara; Sengmi; Shdhdhdh; Shumintaojin; Skoter; SZHF.LLC; Uobaby; Whine Store; Wonderful Memories; Yijuguojiwuliu; Yingsumei; Youhada; YoungG; Zhenka Shop; Zuou; 成都张玫云商贸部. *See* No. 22 Civ. 4135, Dkt. 11.

2

U.S.C. §§ 1114(1)(a)–(b), 1116(d), 1117(b)–(c); (3) trademark infringement of Pinkfong's unregistered trademarks in violation of 15 U.S.C. § 1125; (4) false designation of origin, passing off, and unfair competition in violation of section 43(a) of the Trademark Act; (5) copyright infringement of Pinkfong's federally registered copyrights in violation of the Copyright Act; and (6) unfair competition under New York common law. No. Civ. 4133, Dkt. 12 (7 Day Store); No. Civ. 4135, Dkt. 11 (Aiseve).

On May 20, 2022, Pinkfong moved for temporary restraining orders ("TRO") against the defendants. *See* No. Civ. 4133, Dkt. 16 (7 Day Store); No. 22 Civ. 4135, Dkt. 17 (Aiseve). That same day, the Court granted the TROs, ordered Pinkfong to serve each defendant by alternative means, and ordered defendants to show cause as to why a preliminary injunction should not issue at an in-person hearing. *See* No. 22 Civ. 4133, Dkt. 20 (7 Day Store TRO); No. 22 Civ. 4135, Dkt. 21 (Aiseve TRO). On June 17, 2022, the Court held the show-cause hearing in both cases, in which all defendants failed to appear. *See* No. 22 Civ.4135, Dkt. 23. The Court accordingly converted the TRO into a preliminary injunction. *See* No. 23 Civ. 4133, Dkt. 8 (7 Day Store); No. 23 Civ. 4135, Dkt. 8 (Aiseve).

At various points in the litigation, Pinkfong moved to voluntarily dismiss, pursuant to Rule 41, its claims against certain defendants. The Court approved Pinkfong's voluntary dismissal of its claims against the following defendants: QuiQui Party Story; Shenzhen Oxofun Technology Limited; SZHF.LLC; Best Buy Best Deals Direct; Xiamen Better Supply Chain; Young G.; and Shuminataojin. *See* No. 23 Civ. 4133, Dkts. 25, 31; No. 23 Civ. 4135, Dkts. 28, 29, 45. After the voluntary dismissal of these defendants, 100 defendants remained.

On October 21 and October 24, 2022, Pinkfong filed entry of default as to the 7 Day Store defendants (50 in total) and the Aiseve defendants (50 in total) with the Clerk of the Court.

3

No. Civ. 4133, Dkt. 32–33; No. Civ. 4135, Dkts. 34–35. The Clerk of the Court issued certificate of default as to all defendants. No. 22 Civ. 4133, Dkt. 34; No. 22 Civ. 4135, Dkt. 36. Pinkfong moved for default judgment against all 100 defendants. No. 22 Civ. 4133, Dkts. 35–38; No. 22 Civ. 4135, Dkts. 37–40.

On December 20, 2022, the Court entered a default judgment for Pinkfong against all remaining defendants. No. 22 Civ. 4133, Dkt. 44; No. 22 Civ. 4135, Dkt. 48. After reviewing Pinkfong's motions, the Court determined that proof of service had been filed; each defendant had failed to answer the Complaint; the time for answering the Complaint had expired; and each defendant had failed to appear to contest the entry of a default judgment. The Court referred the case to Judge Cott for an inquest on damages and an analysis on the appropriateness of injunctive relief.

On October 5, 2023, Judge Cott issued a Report and Recommendation, recommending that the Court award Pinkfong $4,120,000 ($100,000 each from Baby Family Store and Luckyhome66 Store and $40,000 each from the other 98 defendants), along with post-judgment interest, and issue an order permanently enjoining the defendants from further infringing on Pinkfong's intellectual property. No. 22 Civ. 4133, Dkt. 82; No. 22 Civ. 4134, Dkt. 55. The Report stated that the parties were required to file any objections within 14 days from the date of service of the Report. On October 6, 2023, Pinkfong served each defendant by alternative means authorized by this Court. No. 22 Civ. 4133, Dkt. 83; No. 22 Civ. 4135, Dkt. 56. Objections were due on October 20, 2023. To date, the Court has received no objections.

**II.   Discussion**

In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28

U.S.C. § 636(b)(1)(C). When specific objections are made, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record." *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009) (citing *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003)); *see also Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted).

As no party has submitted objections to the Report, review for clear error is appropriate. Careful review of Judge Cott's thorough and well-reasoned Report reveals that there is no facial error in its conclusions. The Report, which is incorporated by reference herein, is adopted without modification. Because the Report explicitly states that the parties' failure to file objections within 14 days of service "will result in a waiver of objections and will preclude appellate review," the parties' failure to object operates as a waiver of appellate review. *See Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008) (citing *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam)).

The Court therefore awards Pinkfong $4,120,000 ($100,000 each from Baby Family Store and Luckyhome66 Store and $40,000 each from the other 98 defendants). The award is entitled to post-judgment interest. The Court also issues an injunction against defendants from further infringing on Pinkfong's intellectual property per Judge Cott's specification in the Report. No. 22 Civ. 4133, Dkt. 82 at 21–23; No. 22 Civ. 4134, Dkt. 55 at 21–23.

## CONCLUSION

For the reasons stated herein, the Court adopts the Report in full. Defendants are permanently enjoined, and Pinkfong is awarded $4,120,000 ($100,000 each from Baby Family Store and Luckyhome66 Store and $40,000 each from the other 98 defendants), plus post-judgment interest to be calculated by the Clerk of the Court. The Court directs the Clerk of the Court to close this case.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: November 2, 2023
       New York, New York